I. F. TRIPLETT, Respondent, v. JOHN M. MONTGOMERY, Appellant.

### St. Louis Court of Appeals, June 10, 1899.

1. **Sale of Personal Property**: BREACH OF WARRANTY. In the case at bar, plaintiff had the right to keep the property and sue for the breach of the warranty. Held, that by so doing he became fully bound for the price diminished by the damages sustained by the breach of the warranty.

2. ——: ——: INSTRUCTION: OFFSET. In the case at bar, the defendant was entitled if the jury found the facts recited in that part of the instruction, to have the said notes allowed as an offset, without regard to their findings as to the breach of warranty.

*Appeal from the Laclede Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

MAYFIELD & MAYFIELD and JAMES T. MOORE for respondent.

On a breach of warranty on the sale of personal property the vendee has two remedies. He may rescind the sale and recover back the purchase price. Under this remedy he must first have tendered back the chattel to the vendor before his action will lie. He may retain the chattel warranted and sue for the difference between the value of the chattel at the date of sale as it was warranted to be and as it actually was. Under

this remedy the chattel does not have to be tendered back. Tower v. Pauly, 51 Mo. App. 79 and 90; Brown v. Emerson, 66 Mo. App. 63. This is an action on breach of warranty. Respondent did not have to plead nor offer evidence of the tender back of the chattel to the vendor. Martin v. Maxwell, 18 Mo. App. 178, 180. It is a well established rule of appellate procedure that a case can not be tried upon one theory in the lower court and determined in the appellate court on another. The parties stand or fall on the theories of the lower court. Walker v. Owen, 79 Mo. 563; Whetstone v. Show, 70 Mo. 575; Tomlinson v. Ellison, 104 Mo. 112; Brooks v. Yocum, 42 Mo. App. 516; Steneburg v. Ins. Co., 49 Mo. App. 255. Under the pleadings the ownership of the notes was made an issue upon which evidence was admissible and a proper instruction given. The rule is that the maker of a note always has the right to set up as a defense that the party suing is not the owner of the note. Wells v. Moore, 68 Mo. App. 499 and 502; Dow v. Parsons, 56 Mo. 601; Calvitt v. Sharp, 30 and 131. The court was fully sustained in overruling defendant's demurrer to plaintiff's petition, as it clearly stated a cause of action on breach of warranty. McQuillin's Pleading and Practice, sec. 322; Carter v. Black, 46 Mo. 384; Kinney v. Jones, 50 Mo. 316.

J. P. NIXON and W. I. WALLACE for appellant.

There is no evidence that the notes were transferred by indorsement, so that equities would not be cut off. Pottman v. Cave, 61 Mo. 439; Quigley v. Bank, 80 Mo. 289; Weber v. Ortin, 91 Mo. 677; Julian v. Catkins, 85 Mo. 202; Turner v. Hoyle, 95 Mo. 337. The plaintiff must have sustained pecuniary loss or injury before he could recover substantial damages, otherwise his recovery would be limited to nominal damages. McCord v. Railroad, 21 Mo. 92; Fulkerson v. Eads, 19 Mo. 620; Weber v. Squier, 51 Mo. 601; Blevins v. Smith, 104 Mo. 583; Buren v. Hubbell, 54 Mo. 617. When there is

a sale and delivery of property and breach of warranty and the purchase price is paid the vendee has a cause of action. If he has rescinded the sale he may sue for the purchase price. If he has retained the chattel he may sue for the difference in value between the value of the property as warranted and as it actually was. Tower v. Pauly, 51 Mo. App. 79; Johnson v. Agricultural Co., 20 Mo. App. 100; Steam ˙Heating Co. v. Gas Fixture Co., 60 Mo. App. 149. The plaintiff having offered no ˙evidence of special damages and in his petition dismissed all claim for such damages there is left no ground for recovery. General damages in this case would be such as the law would presume accrued for breach of warranty, and when the purchase price was not paid would be merely nominal. 1 Chitty's Pleadings [16 Am. Ed.], pp. 411-416; 2 Sedg. Measure Dam. [7 Ed.], 606 note; Bliss on Code Pleading [2 Ed.], sec. 297 b; O'Leary v. Rowan, 31 Mo. 119; State to use v. Blackman, 51 Mo. 350.

SHEPARD BARCLAY, Special Judge.—This action is for damages for breach of warranty. The warranty was a feature of a certain sale of personal property. The plaintiff charged in his petition that in June, 1895, defendant sold to him for $650 a portable engine and a threshing machine, which defendant warranted. The sale and warranty were actually made by Gilbert and Hazelwood, agents acting for defendant. The warranties were that the engine was of ten horse power and that the machine was in good condition, would do good work and had been in use only two years and seven days. Plaintiff stated that the warranties were false and that he was damaged thereby in the sum of $600, for which he prayed judgment.

The answer denied the breach of warranty and set up a counterclaim on five notes for $100 each, part of the purchase price of the property mentioned in the petition.

The reply denied the new matter of the answer, and asserted that defendant had sold and transferred the notes.

The cause was tried with the aid of a jury. There was evidence tending to support the plaintiff's allegations as to breach of warranty. Mr. Gilbert, one of the agents for defendant in the sale of the property, testified at the instance of plaintiff touching the original transaction. It appeared from plaintiff's evidence that the property was sold for account of defendant to the plaintiff at the price of $650, for which plaintiff gave his notes; no cash was then paid. The first note was for $150. The record does not show the time when it was payable except that it was due in November. It was paid, or at least adjusted and discharged shortly afterwards between plaintiff and Mr. Gilbert, to whom it had been assigned by defendant, as compensation for services in making the sale. The other five notes ($100 each) were payable at intervals of a year. They have not been paid. They are the notes mentioned in the counterclaim of the answer.

According to plaintiff's evidence the property would have been worth the agreed price had it been as warranted, but its actual value did not exceed $125, and some of the evidence placed the value of it as low as $75. There was no substantial conflict of evidence regarding the breach of warranty, but there was considerable conflict touching the value of the property and the alleged damages occasioned by the breach.

The only payment on account of purchase price by plaintiff was the note for $150, as described; the other notes have never been paid.

The plaintiff testified that defendant told him that he, defendant, had transferred the notes to Gilbert, but the evidence does not warrant an inference of any consideration whatever for such transfer; and Gilbert (who testified for plaintiff) made no mention of any claim by him to the notes, or of any claim of ownership thereto; while on his part defendant declared that he had given the notes to Gilbert to be returned to plaintiff and that he had so told plaintiff and told him that he (defendant) had given up all claim on account of them.

The cause was submitted to the jury on several instructions, one of which only (that given by the court on its own motion) we quote, namely: "The court instructs the jury that if you believe from the evidence that the defendant has transferred the notes or any part thereof given him by plaintiff for the engine and separator sold to plaintiff and is not now the owner thereof, then he is not entitled to any offset for such notes that he may have so transferred; but if the jury find from the evidence that he only put such notes in the hands of another party to deliver to the plaintiff and did not part with the title thereto, he is entitled to an offset for the amount the jury find is still due him on said notes, in the event that the jury find the issues for the plaintiff upon the question of warranty and representations upon such engine and separator." When the case was reached in this court the presiding judge (Bland) declined to sit, having tried the cause on the circuit, and the other judges of this court were divided in opinion on the first hearing. Then the writer of this opinion was chosen as special judge and the case was again docketed, duly heard and submitted.

INSTRUCTION.

It will not be necessary to consider all the topics treated in the interesting briefs filed by the learned counsel herein.

The result of the trial was a verdict for plaintiff in the sum of $565, for which judgment was entered accordingly.

After the usual motion and exceptions the defendant prosecuted the present appeal.

When plaintiff discovered the breach of warranty (whatever his other remedies may have been, he certainly had the right to keep the property and sue for breach of the warranty, as he did in this case. But by so doing he became fully bound for the price, diminished by the damages sustained by the breach of the warranty. But plaintiff obviously could not

LIABILITY on the notes.

Vol. 81 app—10

with justice recover as much as $565 for breach of the warranty (where the property in question was really worth as much as $75) and yet repudiate all liability on the unpaid notes for $500.

Whatever view might be entertained of other features of this appeal, it seems to us clear that the last part of the instruction (beginning with the words "in the event") already quoted involves an error prejudicial to the appellant. The defendant was entitled, if the jury found the facts recited in that part of the instruction, to have the said notes allowed as an offset, without regard to their findings as to the breach of warranty. The statement of the instruction on that point was calculated to give an entirely wrong impression to the jury of the connection between those subjects.

Moreover, there is no evidence of any such transfer of said notes by defendant as would confer title on Gilbert and take the ownership of said notes out of the defendant.

It is impossible to reconcile the result reached with the principles of substantial justice. The finding and judgment in favor of plaintiff on all the issues, as they stand, are a bar to defendant's claim against plaintiff on said notes, if he is still the owner of them. They have not been paid. Defendant claims to have surrendered his demand upon them, yet plaintiff has a judgment for $565; only sustainable on the theory that the purchase price had been paid, or that plaintiff was yet liable on the notes. There was no evidence of a change of title of the notes from defendant on which to base an instruction for a finding on that point, and to permit a judgment to stand, founded on that assumption, would be an injustice which should not be sustained. The judgment is therefore reversed and the cause remanded. Judges Bond and Biggs both concur.